# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2865 | **DATE** | 10/19/2010 |
| **CASE TITLE** | Ohio Venture, LLC vs. Capital Source Finance | | |

**DOCKET ENTRY TEXT**

Defendant's motion (10) to dismiss for failure to join an indispensable party is denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

  Defendant's motion to dismiss for failure to join an indispensable party is denied. Although defendant asserts that the "Sellers" are indispensable to the resolution of this case because they, too, claim an entitlement to the funds plaintiff seeks to recover in this action, the likelihood that defendants will be subject to multiple, inconsistent obligations appears rather remote based on the record before me. Plaintiff's claims overlap with the Sellers' claims only in part, and most of their respective claims can be resolved without prejudice to the other's. While both plaintiff and the Sellers assert a conversion claim seeking the "return" of funds that plaintiff disbursed to defendant, plaintiff appears to have the better chance of prevailing on this theory, and in any event, it is entitled to assert its claim in some forum. Defendant could have agreed to allow plaintiff to intervene in the state action it brought against the Sellers but apparently did not.

  To say that plaintiff could bring its claim in the declaratory action defendant filed against plaintiff in Maryland is no answer. To begin with, plaintiff disputes that court's personal jurisdiction over it. While the jurisdictional question will be answered by that court, plaintiff raises non-frivolous arguments for dismissal. Moreover, although defendant claims the Sellers are indispensable to this action, it did not name the Sellers in the Maryland action, the subject matter of which is the very same funds at issue in this case and the Illinois state case. Accordingly, any judgment plaintiff might win in the Maryland action would presumably pose the same risk of inconsistent obligations to defendant, assuming the Sellers were to prevail in the Illinois case. Finally, in the unlikely event that both the Sellers and plaintiff were to prevail on their conversion claims, those parties could establish their respective entitlement to the subject funds in a subsequent action.

  In short, I conclude that the Sellers' absence does not prevent me from according complete relief to the parties already present in this case, nor does it jeopardize the interests of the absent parties, and any risk to defendant of multiple, inconsistent obligations is both remote and of defendant's own doing.